MARK P. VELEZ, ESQ. (SBN 163484)
NATALYA V. GRUNWALD, ESQ. (SBN265084)
**THE VELEZ LAW FIRM, PC**
3010 Lava Ridge Court, Suite 120
Roseville, California 95661
Telephone: (916) 774 – 2720
Facsimile: (916) 774 – 2730
velezlaw@live.com

Attorney for Plaintiffs Roxanne Salinger, Joshua Salinger

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE SALINGER, JOSHUA SALINGER, <br><br>       Plaintiffs, <br><br> vs. <br><br> QUOTEWIZAD. COM. LLC, A Delaware Corporation, Brian Roulstone, An Individual, inclusive, <br><br>       Defendants. | **Case No.:** <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES** <br><br> **1. FEHA Sex and Gender Discrimination;** <br> **2. FEHA Sexual Harassment, Hostile Work Environment;** <br> **3. Violation of California Civil Code Section 1708.5; Assault and Battery;** <br> **4. FEHA Retaliation;** <br> **5. FEHA Failure to Prevent Harassment, Discrimination, Retaliation;** <br> **6. Negligent Retention, Supervision of Unfit Employee;** <br> **7. Loss of Consortium** <br><br> **JURY TRIAL DEMANDED** |

**THE VELEZ LAW FIRM, PC**
Attorneys at Law
3010 Lava Ridge Court
Suite #120
Roseville, CA 95661

PLAINTIFFS' COMPLAINT FOR DAMAGES
1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STATEMENT OF JURISDICTION AND VENUE

Plaintiffs ROXANNE SALINGER, JOSHUA SALINGER ("SALINGERS") and/or "Plaintiffs"), complain against Defendants, and each of them, demands a trial by jury of all issues and for all causes of action, and hereby alleges, based upon information and belief, the following:

Plaintiff ROXANNE SALINGER, JOSHUA SALINGER are residents of Sacramento, County, in the State of California.  Plaintiff ROXANNE SALINGER is a current employee of Defendants QUOTEWIZARD.COM, LLC, A Delaware Corporation referred to as ("Defendants QUOTEWIZARD")  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district, and under diversity jurisdiction and the amount in controversy exceeds $75,000.   28 U.S.C.§ 1332.  Venue is appropriate in the Eastern District of California under 42 U.S.C §2000e-5(f)(3), *Johnson v. Payless Drug Stores Northwest. Inc.*, 950 F. 2d 586 (1991).

## PARTIES AND JURISDICTION

1. Plaintiff ROXANNE SALINGER was at all times was at all times relevant hereto, a resident of the State of California, and she did work for EMPLOYER DEFENDANTS, and each of them, in Sacramento County, California.

2. Plaintiff ROXANNE SALINGER, at all times was a resident of the State of California, and resides in Sacramento, California.

3. Plaintiff JOSHUA SALINGER, at all times relevant was a resident of the State of California and resides in Sacramento, California.  Plaintiff Joshua Salinger brings a derivative claim of Loss of Consortium against Defendants QUOTEWIZARD.

4. At all relevant times herein, Defendants QUOTEWIZARD, A Delaware Corporation  is in the business of writings medical insurance, doing business in the County of Sacramento, State of California, and qualified as an "Employer".

THE VELEZ
LAW FIRM, PC
Attorneys at Law
1010 Lava Ridge Court
Suite #120
Roseville, CA 95661

5. Defendants QUOTEWIZARD are in the business of providing insurance services bridging insurance services between carriers and customers throughout the State of California, and qualified as an "Employer". Defendant was, at all times herein relevant, Plaintiff ROXANNE SALINGER'S "Employer" as that term is defined under the Fair Employment and Housing Act ("FEHA") at Government Code § 12926(d). Defendant QUOTEWIZARD, had actual and constructive notice of the wrongful conduct, discrimination, and retaliation perpetrated upon Plaintiff, set forth below, had both the authority and the duty to prevent and correct the same, failed to take reasonable action to prevent and correct the same and, by their conduct, condoned, supported and ratified such wrongful conduct. Defendants were, at all times herein relevant, Plaintiff's "Employer" as that term is defined under the Fair Employment and Housing Act ("FEHA") at Government Code § 12926(d). Defendants QUOTEWIZARD, had actual and constructive notice of the wrongful conduct, discrimination, and retaliation perpetrated upon Plaintiff, set forth below, had both the authority and the duty to prevent and correct the same, failed to take reasonable action to prevent and correct the same and, by their conduct, condoned, supported and ratified such wrongful conduct.

6. Defendant BRIAN ROULSTONE (hereinafter "Defendant ROULSTONE"), at all times herein relevant was a supervisor, manager and Defendants as Senior Vice President of Call Products & Operations, and managing agent for Defendant FPG.

**GENERAL ALLEGATIONS**

7. At all times herein relevant, Defendants owed Plaintiff a duty to take all reasonable action to provide Plaintiff with a workplace free from unlawful discrimination, harassment and retaliation, and to take all reasonable action to prevent and correct discrimination, harassment, and retaliation in the workplace. Specifically, Defendants owed Plaintiff a duty: (1) to promulgate, in an effective way, policies, practices and guidelines regarding employment discrimination, harassment and retaliation; (2) to provide effective and

THE VELEZ
LAWFIRM,PC
attorneys at Law
6010 Lava Ridge Court
Suite #120
Roseville, CA 95661

PLAINTIFFS' COMPLAINT FOR DAMAGES
3

adequate training to managers, supervisors and employees regarding employment discrimination, harassment and retaliation, how to take effective, timely and reasonable action to prevent employment discrimination, harassment and retaliation and, particularly, how to handle, in a reasonable, prompt and effective manner, complaints and noticed situations raising issues of employment discrimination, harassment and retaliation; (3) to provide realistic assurance to employees that defendants were serious about enforcing such policies against discrimination, harassment and retaliation; (4) to protect from retaliation employees who made or supported discrimination, harassment or retaliation complaints; (5) to conduct, in response to a complaint or actual or constructive notice of discrimination, harassment and retaliation, a good faith, reasonable, fair and prompt investigation of such complaint or in response to such notice; (6) to bring such investigation to a conclusion in a timely manner; (7) to take prompt and effective remedial action, where appropriate, to prevent and correct discrimination, harassment and retaliation; (8) to maintain reasonably thorough and adequate records regarding discrimination, harassment and retaliation complaints, investigations, conclusions and remedial action; and (9) to avoid engaging in and promoting actions which have the intended purpose and foreseeable effect of silencing and quashing the voices of discrimination, harassment or retaliation complainants and others who support or have supported discrimination, harassment or retaliation complaints.

8.  Defendants, and each of them, breached the above-mentioned duties in that, at all times herein relevant, Defendants acted in a manner which they knew, should have known, and did not care to know, condoned and supported discrimination, harassment and retaliation in the workplace.  Defendants failed and refused to take reasonable action to publish and promulgate, in an effective manner, policies, practices and guidelines regarding discrimination, harassment and retaliation.  Defendants failed and refused to take reasonable action to provide adequate and effective training to managers, supervisors and employees regarding discrimination, harassment and retaliation, failed to effectively train managers,

THE VELEZ
LAWFIRM,PC
attorneys at Law
3910 Lava Ridge Court
Suite #120
Roseville, CA 95661

supervisors and employees regarding how to prevent employment discrimination, harassment and retaliation, and failed to adequately train managers, supervisors and employees in how to reasonably, promptly and effectively handle complaints and notice situations raising issues of employment, discrimination, harassment and retaliation. Defendants responded to actual and constructive notice of and complaints regarding discrimination harassment and retaliation in a manner calculated to defendant and delay, rather than fairly and timely investigate situations noticed and complaints regarding discrimination, harassment and retaliation, with the intended purpose and foreseeable effect of supporting management at all costs, condoning and supporting discrimination, harassment and retaliation. Defendants engaged in the above acts and omissions knowingly and as a matter of general business practice, without regard to the rights of employees, including Plaintiff ROXANNE SALINGER.

9. At all times herein mentioned, each of the defendants was the actual and apparent agent, servant and employee of each of the remaining defendants and in doing the things herein after alleged were acting within the course and scope of their actual and apparent agency and employment and with the knowledge, notification, consent and subsequent ratification of each of the other defendants. Defendants engaged in the above acts and omissions knowingly and as a matter of general business practice, without regard to the rights of employees, including Plaintiff.

## FACTUAL ALLEGATIONS

10. Mrs. Salinger commenced her employment with QuoteWizard, LLC as a Director in Customer Relationship Management the Sacramento Area.  Mrs. Salinger resides and performs her work duties in the greater Sacramento area.

11. On about September 30, 2021, Mrs. Salinger travelled to Seattle, Washington to attend an all-day meeting with other management-level employees in preparation for the company's busy season. Following the meeting, the attendees were invited to a work dinner session at the

THE VELEZ
LAW FIRM, PC
Attorneys at Law
1010 Lava Ridge Court
Suite 6120
Roseville, CA 95661

PLAINTIFFS' COMPLAINT FOR DAMAGES
5

"Owl n Thistle" restaurant. The work session was hosted by Brian Roulstone, Senior Vice President of QuoteWizard. Roulstone expensed the event with his business QuoteWizard credit card.

12. Among attendees were Brain Roulstone, Mrs. Salinger, Andrew Maggio (Director of Sales), Brad Bahan (Sales Manager), as well as other managers, including Sarah Clam, Irina Mora, Holly Watson and Conner Walsh.

13. While at the restaurant, Roulstone chose to sit next to Mrs. Salinger. Throughout the dinner, Roulstone consumed a large amount of alcohol. At some point, Roulstone, in his inebriated state, put his hand on Mrs. Salinger's high. She, in shock, pushed it away. Roulstone put his hand on Mrs. Salinger's inner thigh, touching her vaginal area. Mrs. Salinger was appalled. When she came to her senses, she dashed away from the table.

14. Mrs. Salinger sent a text message to Brad Bahan, a friend of hers, who was sitting across the table from her, telling him that Roulstone touched her vagina under the table. She asked to switch seats with Mr. Bahan.

15. A little later, as people were mingling, Andrew Maggio came up to Mrs. Salinger and told her," You are going to have to beat Brain [Roulstone] off of you with a pool stick or a baseball bat." Mrs. Salinger felt uneasy about the statement but did not ask Mr. Maggio what he meant by the statement.

16. The group then moved to the area with pool tables. While Mrs. Salinger was watching people play pool, she felt someone grabbing her hair from the back, pulling her neck back and forcefully kissing her neck with a wet tongue. It was, again, Roulstone. Mrs. Salinger told Roulstone to let go of her hair, which he did for a few seconds. He then did the same thing again, to which Mrs. Salinger angrily responded that he needed to stop his conduct and she did not like what he was doing. Mrs. Salinger felt violated. Brad Bahan and Conner Walsh witnessed this incident. Under the FEHA, actionable sexual harassment occurs with a single incident which is severe in nature.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17. The following day, Mrs. Salinger told her co-worker, Sarah Clem about the inappropriate touching and the hair pulling by Roulstone. Mrs. Salinger expressed to Ms. Clem that she was confused, scared, shocked and did not know what to do. Ms. Clem took it upon herself to report sexually harassing conduct by Roulstone to her manager, who then escalated the issue to Senior Vice President, Michael Peck.

18. Mr. Peck then contacted Mrs. Salinger and informed her that he was aware of the sexually harassing conduct by Roulstone at the work dinner and would be escalating the situation to Human Resources. Shortly thereafter, a Senior Director of Lending Tree, Lisa Williams contacted Mrs. Salinger. Ms. Williams took a statement from Mrs. Salinger and apparently interviewed Brad Bahan and Conner Walsh.

19. On or about October 8, 2021, Mrs. Salinger learned that Roulstone was terminated. Since then, Mrs. Salinger became aware that Roulstone had sexually harassed other female employees of QuoteWizard, specifically in Tampa, Florida, without any corrective action being taken by the company.

20. After Roulstone's termination, Mr. Maggio expressed to Mrs. Salinger that he "often had to clean up Brian's [Roulstone] messes." Mr. Maggio also told Mrs. Salinger that he was well aware of Roulstone's sexually harassing behavior, which was a repeating pattern.

21. Within the time proscribed by the FEHA, Plaintiffs made a charge of discrimination with the Department of Fair Employment and Housing and received a right to sue letter.

**FIRST CAUSE OF ACTION**
**SEX AND GENDER DISCRIMINATION**
**(By Plaintiff Roxanne Salinger Against Defendants QUOTEWIZARD)**

22. Plaintiffs incorporate by reference the allegations set forth above and below.

23. Defendants QUOTEWIZARD are employers governed by Government Code §12900, et seq. Defendants' sex and gender discrimination was a violation of California Government Code §12940.

THE VELEZ
LAW FIRM, PC
attorneys at Law
4010 Lava Ridge Court
Suite 9120
Roseville, CA 95661

24. Plaintiff has been damaged as alleged above as a legal result of these Defendants' sex and gender discrimination.

25. Despite of their knowledge of the foregoing including the cell phone video sex tape circulating within Plaintiff's work environment, these Defendants took adverse actions against Plaintiff, including misrepresenting of facts and demanding the signing to an intimidating and false declaration; and, causing her constructive termination because of her sex, and/or gender.

26. In engaging in the foregoing conduct, these Defendants aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California Fair Employment and Housing Act.

27. As a direct and foreseeable result of the afore said acts of these said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgement interest.

28. As a result of the aforesaid acts of these Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial including special damages.

29. The above-described acts of these Defendants, by and through, and/or authorized and ratified by, their managing agents, officers or directors, were engaged with deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against these Defendants, in an amount to be proven at the time of trial.

THE VELEZ
LAW FIRM, PC
attorneys at Law
2010 Lava Ridge Court
Suite #120
Roseville, CA 95661

PLAINTIFFS' COMPLAINT FOR DAMAGES
8

30. Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12940, et seq.

31. WHEREFORE, Plaintiff requests relief as hereafter provided.

## SECOND CAUSE OF ACTION
### SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
### (By Plaintiff Roxanne Salinger Against All Defendants)

32. Plaintiff incorporates by reference the allegations set forth above and below.

33. Defendants QUOTEWIZARD are employers governed by Government Code §12900, et seq.  Defendants'  Sexual Harassment/Hostile Work Environment was a violation of California Government Code §12940.  Defendants, and each of them, have breached their statutory and self-imposed duties owed to plaintiff under defendants' representations, policies and procedures, and under California law, including Section 12940 (a), et seq., of the California Government Code.

34. At all times herein relevant, Defendant BRIAN ROULSTONE was a high-level manager over Plaintiff.  Under the FEHA, his conduct is strict liability on the employer.  The conduct of Defendants, and each of them, was directly harassing of Plaintiff, and contributed to a work place environment hostile to Plaintiff, based on Plaintiff's sex, in violation of California Government Code § 12940 et seq., inclduing§12940(h)(j).

35. In engaging in the foregoing conduct, these Defendants aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California's Fair Employment and Housing Act.

36. As a direct and foreseeable result of the afore said acts of these said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgement interest.

THE VELEZ
LAW FIRM, PC
Attorneys at Law
:010 Lava Ridge Court
Suite #120
Roseville, CA 95661

37. As a result of the aforesaid acts of these Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial including special damages.

38. The above-described acts of these Defendants, by and through, and/or authorized and ratified by, their managing agents, officers or directors, were engaged with deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against these Defendants, in an amount to be proven at the time of trial.

39. Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12940, et seq.

40. WHEREFORE, Plaintiff requests relief as hereafter provided.

### THIRD CAUSE OF ACTION
**Assault and Battery against All Defendants By Plaintiff Roxanne Salinger
(Violation of California Civil Code Section 1708.5)**

41. Plaintiff incorporates by reference the allegation set forth above and below.

42. Plaintiff complains against Defendants QUOTEWIZARD and ROULSTONE, and realleges all allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

43. The above conduct by Defendant ROULSTONE is in violation of Civil Code section 1708.5, in that said Defendant acted with the intent to cause a harmful or offensive contact with an intimate part of Plaintiff, and a sexually offensive contact with Plaintiff directly occurred.   Defendant LOPEZ' conduct also caused Plaintiff to suffer imminent apprehension of such contact occurring.  The conduct occurred during a work-related

THE VELEZ
LAWFIRM,PC
attorneys at Law
1010 Lava Ridge Court
Suite #120
Roseville, CA 95661

employment event. But for the work-related event that alleged offensive conduct would not have occurred.

44. As a further proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof at time of trial.

45. The above described acts of these Defendants' conduct, by and through, and/or authorized and ratified by their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against these Defendants, in an amount to be proven at the time of trial.

46. Defendants QUOTEWIZARD had advance knowledge of Defendant ROULSTONE'S inappropriate sexual relationships with its young female employees. Defendants QUOTEWIZARD through and by, *inter alia*, its managers and Vice President of Operations who were managing agents, had advanced knowledge of Defendant ROULSTONE'S unfitness as an employee, all to the detriment of Plaintiff and other female employees; thereby, within the meaning of Civil Code section 3294 for punitive damages. Plaintiff requests an assessment of punitive damages against said Defendants, in an amount to be proven at time of trial.

47. WHEREFORE, Plaintiff requests relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
### RETALIATION
**(By Plaintiff Roxanne Salinger Against Defendants QUOTEWIZARD)**

48. Plaintiff incorporates by reference the allegations set forth above and below.

THE VELEZ
LAW FIRM, PC
Attorneys at Law
1010 Lava Ridge Court
Suite #120
Roseville, CA 95661

PLAINTIFFS' COMPLAINT FOR DAMAGES
11

49. At all times, Government Code Section 12926 et seq., including 12926(k)(4), was in full force and effect and binding upon Defendants. Government Code section12940(j) and (k) imposes a duty of an employer to promptly and thoroughly investigate any claim of harassment. These sections provide that no employer shall retaliate against an employee because of opposing discrimination, harassment under these sections. As a result of said opposition, Plaintiff was subjected to retaliation. Plaintiff was intentionally lied to over the cell phone sex tape circulating within her work environment. This amounted to retaliatory harassment.

50. Herein, Defendant's Human Resources Director Lisa Williams materially withheld information about Roulstone's prior incidents of sexual harassment despite information provided by Quotewizard's manager Andrew Maggio providing those facts to the company's Human Resources Department. These misrepresentations made to Plaintiff violated Defendants obligations under section 12940(j) and (k).

51. As a result of Defendants failure to investigate and prevent harassment and discrimination, and the actual constructive termination and wrongful termination in violation of public policy, Defendants wrongfully retaliated against Plaintiff.

52. In engaging in the foregoing conduct, these Defendants aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California Fair Employment and Housing Act.

53. As a direct and foreseeable result of the afore said acts of these said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgement interest.

THE VELEZ
LAW FIRM, PC
attorneys at Law
010 Lava Ridge Court
Suite 0120
Roseville, CA 95661

PLAINTIFFS' COMPLAINT FOR DAMAGES
12

54. As a result of the aforesaid acts of these Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial including special damages.

55. The above described acts of these Defendants, by and through, and/or authorized and ratified by, their managing agents, officers or directors, were engaged with deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against these Defendants, in an amount to be proven at the time of trial.

56. Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12940, et seq.

WHEREFORE, Plaintiff requests relief as hereafter provided.

### SIXTH CAUSE OF ACTION
### FAILURE TO PREVENT SEXUAL HARASSMENT, RETALIATION, DISCRIMINATION
### (Against Defendants Quotewizard)

57. Plaintiff incorporates by reference the allegations set forth above and below.

58. Defendants, by permitting the sexual harassment/hostile work environment, retaliation and gender discrimination to occur, failed to take all reasonable steps necessary to prevent harassment, discrimination and retaliation from occurring in violation of Government Code §12940(k) and all applicable regulations under the California Code of Regulations. Plaintiff was injured and damaged as alleged above as a direct and legal result of Defendants' conduct.

59. At all times mentioned in this complaint, Government Code sections 12940 et seq., including 12940(j)&(k) was in full force in effect, and binding on Defendants Quotewizard

THE VELEZ
LAW FIRM, PC
attorneys at Law
:010 Lava Ridge Court
Suite #120
Roseville, CA 95661

PLAINTIFFS' COMPLAINT FOR DAMAGES
13

This section requires said Defendants to take all reasonable steps necessary to prevent harassment, discrimination, retaliation from occurring.

60. As a proximate result of these Defendants actions and failure to act, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

61. The above described acts of these Defendants, by and through, and/or authorized and ratified by, their managing agents, officers or directors, were engaged with deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against these Defendants, in an amount to be proven at the time of trial.

62. Defendants Quotewizard had advance knowledge of Defendant ROULSTONE'S inappropriate sexual relationships with its young female employees. Defendant's Human Resources Director Lisa Williams was well informed about Roulstone's prior incidents of sexual harassment as such information was provided by Quotewizard's manager Andrew Maggio, who informed Williams that on numerous occasions, he had to clean up Roulstone's inappropriate behavior of sexual harassment towards other company females. Maggio had provided those facts to the company's Human Resources Department. Defendant QUOTEWIZARD was well aware of Roulstone's unfitness as an employee, all to the detriment and oppression of Plaintiff and other female employees; thereby, within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against said Defendants, in an amount to be proven at time of trial.

63. Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12940, et seq.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

THE VELEZ
LAW FIRM, PC
Attorneys at Law
1010 Lava Ridge Court
Suite #120
Roseville, CA 95661

PLAINTIFFS' COMPLAINT FOR DAMAGES
14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SEVENTH CAUSE OF ACTION
## NEGLIGENT SUPERVISION AND RETENTION OF EMPLOYEE
### (Against Defendants QOUTEWIZARD)

64. Plaintiff incorporates by reference the allegations set forth above and below.

65. These Defendants knew, or reasonably should have known, that Plaintiff's supervisor was engaging in the unlawful behavior described above.

66. At all times material herein, these Defendants knew, or reasonably should have known, that the conduct, acts and failures to act of all supervisors, agents and employees as described hereinabove violated Plaintiff's rights under state statutes including Gov. Code section 12940 et. seq.

67. At all times material herein, these Defendants knew, or reasonably should have known, that the incidents, conduct, acts and failures to act described hereinabove would and did proximately result in emotional distress and personal injury to Plaintiff.

68. At all times material herein, these Defendants knew, or reasonably should have known, that unless these Defendants intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts and failures to act of all supervisors, agents and employees as alleged hereinabove, said conduct, acts and failures to act would continue, thereby subjecting Plaintiff to personal injury, tortious injury and emotional distress.

69. These Defendants knew, or in the exercise of reasonable care should have known, that unless these Defendants intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize  the conduct, acts and failures to act as described herein, Defendant's failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and failures to act.

THE VELEZ
LAW FIRM,PC
attorneys at Law
1010 Lava Ridge Court
Suite #120
Roseville, CA 95661

70. Defendants Quotewizard had advance knowledge of Defendant ROULSTONE'S inappropriate sexual relationships with its young female employees. Defendant's Human Resources Director Lisa Williams was well informed about Roulstone's prior incidents of sexual harassment as such information was provided by Quotewizard's manager Andrew Maggio, who informed Williams that on numerous occasions, he had to clean up Roulstone's inappropriate behavior of sexual harassment towards other company females. Maggio had provided those facts to the company's Human Resources Department. Defendant QUOTEWIZARD was well aware of Roulstone's unfitness as an employee, and thereby ratified his conduct, all to the detriment and oppression of Plaintiff and other female employees; thereby, within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against said Defendants, in an amount to be proven at time of trial.

71. At all times material herein, these defendants had the power, ability, authority, and duty to intervene, supervise, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act or to otherwise protect Plaintiff.

72. Despite said knowledge, power, and duty, these defendants negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act or to otherwise protect Plaintiff.

73. As a direct and proximate result of the failure of Defendant to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act of all supervisors, agents and employees as alleged hereinabove, said conduct, acts, and failures to act were perceived by them as, and in fact had the effect of encouraging, ratifying, condoning, exacerbating, increasing and/or worsening said conduct, acts, and failures to act.

74. At all times material herein, the failure of defendant to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts,

THE VELEZ
LAW FIRM, PC
Attorneys at Law
1010 Leva Ridge Court
Suite #120
Roseville, CA 95661

PLAINTIFFS' COMPLAINT FOR DAMAGES
16

and failures to act of all supervisors, agents and employees violated Plaintiff's rights under Government Code section 12940 et seq. and her right not to be battered.

75. These Defendants' actions, as set forth above, violated the fundamental policy set forth in Government Code sections 12940(a), (k), (m), and (n).

76. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer pain, suffering, and extreme and severe mental anguish and emotional distress.

77. The above-described acts of these Defendants, by and through, and/or authorized and ratified by, their managing agents, officers or directors, were engaged with deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against these Defendants, in an amount to be proven at the time of trial.

78. Plaintiff will also seek and is entitled to recovery of attorney's fees in connection with this cause of action under Government Code section 12940 et seq.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION
### LOSS OF CONSOURTIUM BY PLAINTIFF JOSHUA SALINGER
### (Against Defendants QOUTEWIZARD)

79. Plaintiff incorporates by reference the allegations set forth above and below.

80. Plaintiff JOSHUA SALINGER has been harmed by the wrongful employment conduct of Defendants QUOTEWIZARD and ROULSTONE. Mr. Salinger alleges that as a result of the sexual harassment committed by Defendants QUOTEWIZARD and ROULSTONE, he has sustained Loss of Consortium damages but not limited to, his wife's

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #120
Roseville, CA 95661

PLAINTIFFS' COMPLAINT FOR DAMAGES
17

companionship, and services, including loss of love, comfort, care, support, assistance, and the loss of enjoyment of intimate relations.

81. Plaintiff JOSHUA SALINGER has damages of past and future loss of consortium. Defendants and each of them

82. As a direct and foreseeable result of the afore said acts of these said Defendants, Plaintiff has lost and will continue to lose spousal consortium and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgement interest.

83. As a result of the aforesaid acts of these Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial including special damages.

84. The above described acts of these Defendants, by and through, and/or authorized and ratified by, their managing agents, officers or directors, were engaged with deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and his rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against these Defendants, in an amount to be proven at the time of trial.

85. Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12940, et seq.

WHEREFORE, Plaintiff JOSHUA SALINGER requests relief as hereafter provided.

//

//

//

THE VELEZ LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #120
Roseville, CA 95661

**WHEREFORE,** Plaintiffs ROXANNE SALINGER, JOSHUA SALINGER pray for judgement against Defendants, and each of them, as follows:

1.  For general, special and consequential damages in an amount of excess of the jurisdictional limits of this Court, according to proof;

2.  For exemplary damages in an amount necessary to punish Defendants and to deter such conduct in the future, according to proof;

3.  For reasonable attorney's fees under the FEHA and under any applicable statute, costs and expenses of litigation, according to proof;

4.  For pre-judgment and post-judgment interest;

5.  For Injunctive relief to abate discrimination; including all reasonable attorney's fees under the holding of *Harris v. City of Santa Monica*, (2013) 56 Cal.4th 203;

6.  For economic damages;

7.  For non-economic damages;

8.  For such other and further relief as the Court may deem proper.

DATED: October 11, 2022                         THE VELEZ LAW FIRM, PC


                                                */s/ Mark Velez*
                                                By: Mark P. Velez, Esq.
                                                    Natalya V. Grunwald, Esq.
                                                    Attorneys for Plaintiffs ROXANNE
                                                    SALINGER, JOSHUA SALINGER

//

//

//

//

THE VELEZ
LAW FIRM, PC
attorneys at Law
3010 Lave Ridge Court
Suite #120
Roseville, CA 95661

1

## JURY TRIAL DEMANDED

2

3     Plaintiffs ROXANNE SALINGER, JOSHUA SALINGER hereby demand trial of all

4   issues by jury.

5

6   DATED: October 11, 2022                 THE VELEZ LAW FIRM, PC

7

8                                           /s/ Mark Velez
                                            By: Mark P. Velez, Esq.
9                                               Natalya V. Grunwald, Esq.
                                            Attorneys for Plaintiffs ROXANNE
10                                          SALINGER, JOSHUA SALINGER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE VELEZ
LAW FIRM, PC
attorneys at Law
1010 Lava Ridge Court
Suite #120
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
20